UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN GEORGIA

**Bernard McIntyre**
    **Plaintiff,**

CASE NO.:

vs.

**K & C Enterprise Group, LLC
d/b/a 656 Sports Bar & Grill, and
Kina Jackson, Individually**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Bernard McIntyre ("McIntyre"), by and through the undersigned attorney, sues the Defendants, K & C Enterprise Group, LLC d/b/a 656 Sports Bar & Grill ("656 Sports"), a Georgia Corporation, and Kina Jackson ("Jackson"), individually, (collectively "Defendants") and alleges:

## INTRODUCTION

1. Plaintiff, Bernard McIntyre, was an employee of Defendant, 656 Sports, and brings this action for unpaid overtime compensation, unpaid wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee performing Line Cook activities within the last three years, *i.e.* from May 1, 2015 through June 2016, for Defendant in Fulton County, Georgia.

3. Defendant, 656 Sports is a Georgia

Corporation that operates and conducts business in, among others, Fulton County, Georgia and is therefore, within the jurisdiction of this Court.

4. At all times relevant to this action, Owner Kina Jackson was an individual resident of the State of Georgia, who owned and operated and who regularly exercised the authority to: (a) hire and fire employees of 656 Sports; (b) determine the work schedules for the employees of 656 Sports and (c) control the finances and operations of 656 Sports. By virtue of having regularly exercised that authority on behalf of 656 Sports Bar & Grill, Kina Jackson is an employer as defined by 29 U.S.C. § 201, et seq.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

## VENUE

7. The venue of this Court over this controversy is proper based upon the claim arising in Fulton County, Georgia.

## FACTUAL ALLEGATIONS

8. Plaintiff worked as an "hourly paid employee" for Defendants and performed Line Cook and related activities.

9. Plaintiff worked in this capacity from approximately May 1, 2015 through June of 2016.

10. Plaintiff earned a rate of pay of $10.50 an hour.

11. Defendants agreed to pay Plaintiff wages for work performed by Plaintiff. Plaintiff accepted this agreement and did work for Defendants.

12. During his employment with Defendants, Plaintiff regularly worked more than forty (40) hours a week, but was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

13. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COVERAGE

14. At all times relevant to this action (2015-2016), 656 Sports was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

15. At all times relevant to this action (2015-2016), 656 Sports made gross earnings of at least $500,000 annually.

16. At all times relevant to this action (2015-2016), Defendants accepted payments from customers based on credit cards issued by out of state banks.

17. At all times relevant to this action (2015-2016), Defendants routinely ordered materials or supplies from out of state. (*i.e.* restaurant supplies and equipment, food, beverages, etc.).

18. At all times relevant to this action (2015-2016), Defendants had 2 or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. (*i.e.* restaurant supplies and equipment, food, beverages, etc.).

19. At all times relevant to this action (2015-2016), Plaintiff was individually engaged in interstate commerce during his employment with Defendants, by working with food supplies and equipment from out of state.

20. At all times relevant to this action (2015-2016), Defendants used U.S. mail to send and receive letters to and from other states.

21. At all times relevant to this action (2015-2016), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendant for which no provisions were made by Defendants to properly pay Plaintiffs for those hours worked in excess of forty (40) within a work week.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

23. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

24. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - DECLARATORY RELIEF

27    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

28.    Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

29.    The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

30.    Plaintiff may obtain declaratory relief.

31.    Defendants employed the hourly paid employees such as Plaintiff.

32.    Plaintiff was individually covered by the FLSA.

33.    Defendants' pay practices violated the FLSA.

34. Defendants failed to pay Plaintiff for all overtime hours worked.

35. Defendants owe Plaintiff additional overtime pay.

36. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

37. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

38. Defendants did not rely upon a good faith defense.

39. Defendants' violations were done either intentionally or with reckless disregard for the FLSA's rules and regulations.

40. Plaintiff is entitled to an equal amount of liquidated damages.

41. It is in the public interest to have these declarations of rights recorded.

42. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

43. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

## DEMAND FOR JURY TRIAL

44. Plaintiff demands a jury trial on all issues so triable against Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 30th day of August, 2016.

/s/ *Adian Miller*
Adian Miller, Esq.
Morgan & Morgan, P.A.
191 Peachtree Street, N.E. Suite 4200
Atlanta, GA 30303
(404) 496-7332 Direct
(404) 496-7428 Fax
Primary
Email: ARMiller@forthepeople.com
Attorneys for Plaintiff